UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KARRY S.,

      Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____ /

Case No. 25-11060

F. Kay Behm
United States District Judge

Elizabeth A. Stafford
U.S. Magistrate Judge

**ORDER OVERRULING PLAINTIFF'S OBJECTION (ECF No. 19)
AND ACCEPTING AND ADOPTING THE MAGISTRATE
JUDGE'S APRIL 29, 2026 REPORT AND RECOMMENDATION
(ECF No. 18)**

## I.    PROCEDURAL HISTORY

Plaintiff Karry Anne Steinmann appeals from a final decision of

the Commissioner of Social Security denying benefits on the grounds

that she is not disabled within the meaning of the Social Security Act

and that, taking into account her physical limitations, she possesses

transferable skills that would allow her to perform a significant number

of sedentary jobs in the national economy. *See* ECF No. 6-1, PageID.53-

54. This matter was referred to Magistrate Judge Elizabeth A. Stafford

on July 8, 2025. ECF No. 11. Both parties filed motions for summary

judgment. ECF Nos. 12, 16. On April 29, 2026, Judge Stafford issued a

1

report and recommendation to grant the Defendant's motion for summary judgment, and to therefore deny Plaintiff's cross motion and affirm the Commissioner's final decision.  ECF No. 18.   Judge Stafford concluded that the Commissioner's decision was supported by substantial evidence under 42 U.S.C. § 405(g).  Plaintiff filed timely objections to Judge Stafford's report and recommendation (ECF No. 19), and no further responses were filed.  For the reasons below, the court accepts and adopts Judge Stafford's report and recommendation, affirms the Commissioner's final decision, and disposes of the motions accordingly.

## II.   LEGAL STANDARD

A party may object to a magistrate judge's report and recommendation and a district judge must resolve proper objections under a de novo standard of review.  28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(1)-(3).  This court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*  But "[f]or an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v.*

*Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). Objections that dispute the general correctness of the report and recommendation are improper. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id.* (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, the objections must be clear and specific enough that the court can squarely address them on the merits. *See Pearce*, 893 F.3d at 346.

## III.  ANALYSIS

Plaintiff applied for disability insurance benefits (DIB) and supplemental security income (SSI) at 49 years old under the Social Security Act, with an alleged disability onset date of January 2020. She had past relevant work as an assistant manager, customer service representative, and waitress. Plaintiff claimed disability from type 2 diabetes, diabetic neuropathy, clinical depression, high cholesterol, left foot pain, hypothyroidism, and nerve damage in her right leg. After a

3

hearing, during which plaintiff and a vocational expert (VE) testified, the ALJ found Plaintiff was not disabled within the meaning of the Act. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner.  Plaintiff timely filed for judicial review. ECF No. 18, PageID.976.

The ALJ determines whether an applicant is disabled by analyzing five sequential steps.  Plaintiff challenged only the final portion of the analysis, arguing that the ALJ erred in finding that she had acquired skills from her past relevant work that were transferable to other jobs existing in significant numbers in the national economy. ECF No. 12, PageID.944-949.  At that step, the Commissioner has the burden of demonstrating that plaintiff had transferable skills.  *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994). And at that stage, it is well-established that an ALJ may rely on a VE's testimony about transferability of skills.  *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 855 (6th Cir. 2010).  Under § 405(g), this court's review on appeal is limited to determining whether the Commissioner's decision is supported by substantial evidence and conformed with proper legal standards.  *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014).

4

The Magistrate Judge found that the transferable abilities that the VE identified—here, data entry and review, verbal recordkeeping, and clerical skills—were properly characterized as transferable skills under *Harris v. Comm'r of Soc. Sec.*, 598 F. App'x 355, 363 (6th Cir. 2015).  ECF No. 18, PageID.983.  And citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 549 (6th Cir. 2004), Judge Stafford noted that the Sixth Circuit "has held repeatedly that the testimony of a vocational expert [(VE)] identifying specific jobs available in the regional economy that an individual with the claimant's limitation could perform can constitute substantial evidence supporting an ALJ's finding at step 5 that the claimant can perform other work."  ECF No. 18, PageID.985. The ALJ here relied on the testimony of the VE, so the Magistrate Judge found that his determination that plaintiff could perform available jobs is supported by substantial evidence.  ECF No. 18, PageID.985; *see also* ECF No. 6-1, PageID.53 (ALJ findings).

Plaintiff filed one objection.  ECF No. 19.  The title of Plaintiff's objection is that "[t]he ALJ's Step 5 finding that Plaintiff can adjust to other work existing in significant numbers in the national economy is erroneous where that finding relies on an improper analysis of transferable skills."  ECF No. 19, PageID.988.  But in substance, the

only specific factual or legal argument that Plaintiff addresses is the Magistrate Judge's reliance on *Wilson*.  Again, *Wilson* is relevant here for two propositions: (1) an ALJ's "enumeration of transferable skills at step 5" is not mandatory when an ALJ relies on the testimony of a VE, and (2) the testimony of a VE "identifying specific jobs available in the regional economy that an individual with the claimant's limitation could perform can constitute substantial evidence supporting an ALJ's finding at step 5 that the claimant can perform other work."  *Wilson*, 378 F.3d at 549.  On these points, "Plaintiff acknowledges that the Sixth Circuit's *Wilson* decision is binding precedent[,]" but nonetheless "wishes to put on the record that, in her view, the *Wilson* court should not have" applied "the Agency's reading of the transferability of skills regulation" (i.e. Plaintiff disagrees with the former holding, that when an ALJ relies on VE testimony and not just "the Grids,"[1] the ALJ does not need to enumerate or discuss the transferability of Plaintiff's specific skills).  Plaintiff argues that "the notion that ALJs need not identify in the decision the skills that transferred is in direct

---

[1] The Medical Vocational Guidelines (commonly known as "the grids").  ECF No. 12, PageID.945.

contradiction of the requirements of 20 C.F.R. §§ 404.953, 416.1453 that ALJs shall issue written decisions which give the findings of fact and the reasons for the decision." ECF No. 19, PageID.990. But insofar as Plaintiff's argument is that *Wilson* was wrongly decided, her argument is perhaps intended to preserve appellate review; she seems to admit that this court has no authority to ignore *Wilson*, nor does she distinguish this case from *Wilson*. *See United States v. Thomas-Mathews*, 81 F.4th 530, 540 n.3 (6th Cir. 2023) (A published Sixth Circuit panel decision "remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision.") (citations omitted).[2] In any case, however, Plaintiff also admits that "the ALJ did enumerate the transferrable skills in this case," so the question of whether the ALJ was required to enumerate or

---

[2] Without getting too into the weeds, Plaintiff specifically argues that the Sixth Circuit should not have deferred to the agency's interpretation of the statute. Despite *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 412-13 (2024) overruling *Chevron* deference as to congressionally-enacted statutes, no Supreme Court or Sixth Circuit precedent has cast explicit doubt on the *Auer* deference she objects to, which discusses interpreting "genuinely ambiguous" agency-promulgated regulations. *See United States v. Prather*, 138 F.4th 963, 975 (6th Cir. 2025) (stating "*Auer* . . . remain[s] good law" after *Loper Bright*).

discuss her transferable skills is moot.  ECF No. 19, PageID.990; *see* ECF No. 6-1, PageID.52 (ALJ findings).

If Plaintiff intended her objection to cover more ground than that, no other argument was clearly presented, and any other argument was waived by failure to point to a specific finding in the report and recommendation and explain the basis of her disagreement.  *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018); *see also, e.g., Carr v. Comm'r of Soc. Sec.*, No. 2:21-cv-11307, 2022 U.S. Dist. LEXIS 145495, at *4 (E.D. Mich. Aug. 15, 2022) (merely restating previous arguments does not sufficiently identify alleged errors on the part of the Magistrate Judge and waives those arguments).

## IV.  CONCLUSION

The court therefore **OVERRULES** Plaintiff's objection, **ACCEPTS** and **ADOPTS** the Magistrate Judge's April 29, 2026 Report and Recommendation, **DENIES** Plaintiff's motion for summary judgment, and **GRANTS** Defendant's motion for summary judgment. The Commissioner's final decision is therefore **AFFIRMED**.  A judgment will issue.

**SO ORDERED**.

Date: June 8, 2026                    <u>s/F. Kay Behm</u>
                                      F. Kay Behm
                                      United States District Judge